## REBECCA MAG
*vs.*
## CONNECTICUT THEATRICAL CORPORATION

Superior Court      Hartford County      File No. 56042

MEMORANDUM FILED NOVEMBER 20, 1939.

*I. Henry Mag,* of Meriden, for the Plaintiff.

*Nair & Nair,* of New Britain, for the Defendant.

SIMPSON, J. The marquee in front of the defendant's theatre and which the plaintiff seeks to have removed by mandatory injunction, appears to have been legally erected under the charter and ordinances of the City of New Britain and a license duly issued therefor. It does not endanger the public and does not interfere with light, air, egress or access to plaintiff's property. No part of it is in front of plaintiff's property. In fact, the plaintiff does not now claim that any of the above facts exist. Her claim is that it interferes with the view (from the outside) of the front of the building and thereby injuriously affects her building.

The court does not disagree in the main with the authorities cited by the plaintiff upon this claim. The authorities are all in substantial accord that such an encroachment and obstruction upon a street, where legally permitted by the proper authorities, to be actionable and afford ground for equitable relief, must be substantial and must affect injuriously plaintiff's property to a substantial and material degree or extent. This

case, it seems to the court, turns upon the answer to the question whether or not it has been proven that the marquee in question affects injuriously plaintiff's property in a substantial and material way.

The marquee in no way obstructs the view of plaintiff's property from the south. When one approaches the plaintiff's property along the sidewalk from the north the view of the show windows are not obstructed by the marquee when one gets close enough to see them even if there were no marquee. The marquee does partially obstruct the sign of the clothing store on the ground floor of plaintiff's building when viewed at different angles from the north, and to some extent the upper part of the show window, but not below the small curtains or draperies at the top of those windows. Aside from some oral testimony, this is evidenced by the photographs, Exhibits B and C, and Exhibits 3 and 4. The court cannot say that this partial obstruction is substantial.

The plaintiff lays stress on the claim that the obstruction of view by the marquee affects the rental value of the store. The question is, has this been established by the proper weight of the evidence? In this connection she lays stress on the fact that her lease of the store contains a provision that if the marquee is removed, the tenant will pay $25 more per month. This is merely evidential and from the manner in which the provision was inserted in the lease it is inferable that it was done to bolster up a case to have the marquee removed, whether for esthetic reasons or otherwise. The provision in the lease, however, is not proof of the fact that a partial obstruction of the view of the sign of the store, and otherwise, decreases the rental value of the store by $25 per month. Nor is it binding upon the defendant or the court. There is some testimony offered by the plaintiff that the obstruction of view affects injuriously the rental value of the store. Plaintiff called four experts who testified that the obstruction of view of plaintiff's property would reduce its market value from $2,000 to $5,000, but gave no basis for their opinion. None attempted to give an estimate to what extent the rental value of the ground floor was affected. None would say it would affect the rental value of the second floor. The plaintiff in her brief filed in her behalf expressly states that she does not claim damages for permanent injury to the market value of her property.

The defendant's experts testified that the slight obstruction

of view would not injuriously affect either the rental value or market value of plaintiff's building, and on the contrary, neither would be favorably affected by the removal of the marquee.

Upon the evidence the court cannot find that there is a material obstruction of the view of plaintiff's property, or that the partial obstruction causes plaintiff any material damage or injury.

Judgment is therefore rendered for the defendant.